IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS RASHAWN SMITH,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Civil Action No. 2:16cv394-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is federal inmate Marcus Rashawn Smith's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. # 1.[1]

**I. INTRODUCTION**

On April 9, 2007, Smith pleaded guilty to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Counts 1 and 4); two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2 and 5); and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Counts 9). The two armed bank robberies served as the predicate "crimes of violence" for Smith's two § 924(c) convictions. *See* Doc. # 9-1 at 2-4. After a sentencing hearing on March 21, 2008, the district court sentenced Smith to 430 months in prison, consisting of 46 months on Counts 1, 3, 4, and 6, to be served concurrently with each other;

---

[1] References to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

300 months on Count 5, to be served consecutively to the terms imposed and Counts 1, 3, 4, and 6; and 84 months on Count 2, to be served consecutively to the terms imposed on Counts 1, 3, 4, and 6. *See* Doc. # 1-2 at 2. Smith did not appeal.

On May 31, 2016, Smith filed this § 2255 motion arguing that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his armed bank robbery convictions cannot qualify as predicate "crimes of violence" for his § 924(c) convictions, and therefore his convictions and sentence under § 924(c) are invalid. *See* Doc. # 1.

For the reasons that follow, the Magistrate Judge finds that Smith's § 2255 motion should be denied and this case dismissed with prejudice.

## II.   DISCUSSION

Title 18 § 924(c) provides in part that a defendant who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime," or possesses a firearm in furtherance of such crimes, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to a separate and consecutive term of imprisonment.[2]

For purposes of § 924(c), a "crime of violence" is defined as a felony offense that:

(A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[2] And if, as here, the firearm is brandished during the crime, the consecutive sentence shall be "not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(ii). Further, if there is a second or subsequent conviction under § 924(c), each consecutive sentence shall be "not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i).

>   (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection (A) of § 924(c)(3) is referred to as the "use-of-force clause," and subsection (B) is referred to as the "§ 924(c)(3)(B) residual clause." *See In re Saint Fleur,* 824 F.3d 1337, 1339 (11th Cir. 2016).

A separate but similar sentencing provision, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[3] defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

>   (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>   (ii)  is burglary, arson, or extortion, involves use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first part of this definition, § 924(e)(2)(B)(i), is known as the "elements clause." *See In re Sams*, 830 F.3d 1234 (11th Cir. 2016).  The second part, § 924(e)(2)(B)(ii), is itself split into two clauses. The first, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second is known as the "residual clause." *Id.*

In *Johnson v. United States*, decided on June 26, 2015, the United States Supreme Court held that the residual clause of the ACCA is unconstitutionally vague.  *See* 135 S.Ct. at 2557–59, 2563.  Based on that holding, the Court concluded that "imposing an increased

---

[3] Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) (by possessing a firearm as a convicted felon) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1).

3

[ACCA] sentence under the residual clause … violates the Constitution's guarantee of due process." *Id*. at 2563.  The Court also held, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Id.* at 2563.

In April 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016).  In the wake of *Johnson* and *Welch*, inmates sentenced as armed career criminals based on prior convictions deemed "violent felonies" under the ACCA's residual clause could challenge their ACCA sentences through § 2255 motions.

*Johnson* did not address the definition of a crime of violence found in 18 U.S.C. § 924(c).  However, Smith argues that the holding in *Johnson* applies to § 924(c); that *Johnson* invalidates the "924(c)(3)(B) residual clause" (whose language is similar to that of the ACCA's unconstitutionally vague residual clause); and that 18 U.S.C. § 2113 armed bank robbery does not meet the definition of a crime of violence under the "use-of-force clause" in § 924(c)(3)(A).  Thus he argues that his § 924(c) conviction, which relied on his armed bank robbery conviction as the predicate "crimes of violence," cannot stand.  *See* Doc. # 1 at 5.

Whether the holding in *Johnson* extends to the residual clause in § 924(c)(3)(B) is currently an open question in the Eleventh Circuit.  Until recently, that question seemed to be resolved by *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), in which the Eleventh Circuit held that *Johnson* did not apply to § 924(c) and concluded expressly that "*Johnson*'s void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force'

clause [i.e., the residual clause] in § 924(c)(3)(B)." 861 F.3d at 1265. On May 15, 2018, however, the Eleventh Circuit vacated its panel opinion in *Ovalles* and ordered that the case be reheard en banc. *Ovalles v. United States*, 889 F.3d 1259 (11th Cir. 2018); *see* Eleventh Circuit General Order No. 43, May 17, 2018.

Nevertheless, the Eleventh Circuit has stated: "Even assuming that *Johnson* invalidated § 924(c)'s residual clause [§ 924(c)(3)(B)], that conclusion would not assist [a defendant whose] underlying conviction on which his § 924(c) conviction was based . . . [met] the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense." *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). The Eleventh Circuit has held that 18 U.S.C. § 2113 armed bank robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *In re Hines*, 824 F.3d 1334, 1336–37 (11th Cir. 2016) ("[Petitioner's] § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'"); *see also Sams*, 830 F.3d at 1239 (holding expressly that "a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause").

Because Eleventh Circuit precedent holds that § 2113(a), (d) armed bank robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause, Smith's

convictions and sentence under § 924(c) are still valid following *Johnson*, and Smith's instant claim is foreclosed.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and his case DISMISSED WITH PREJUDICE.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before August 22, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 8th day of August, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge