IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS RASHAWN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-394-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

Is a standard bank robbery categorically a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)? The answer is yes. The Magistrate Judge's Recommendation (Doc. # 18) is therefore due to be adopted as modified below.

Petitioner Marcus Rashawn Smith pleaded guilty to two counts of brandishing a firearm during a "crime of violence," a violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. # 1-2, at 1; Doc. # 9-2, at 2–3.) The term "crime of violence" is statutorily defined to mean a felony that

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Clause (A) is called the "use-of-force clause," while clause (B) is known as the "residual clause." The predicate crimes of violence for Smith's

convictions were two "standard" bank robberies in violation of 18 U.S.C. § 2113(a).[1] (Doc. # 9-2, at 2–3.)

While incarcerated, Smith moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. # 1.) He argues that standard bank robbery is not a "crime of violence" because it does not satisfy the § 924(c)(3)(A) use-of-force clause and because the § 924(c)(3)(B) residual clause is unconstitutionally vague. (Doc. # 2.) The Magistrate Judge recommended that the court deny Smith's motion. (Doc. # 18.) Smith filed a timely objection to that Recommendation. (Doc. # 23.)

The court reviewed *de novo* those portions of the Recommendation to which objections were made. *See* 28 U.S.C. § 636(b). That review revealed that the Recommendation commits two related errors. But neither error affects the outcome.

The Recommendation's first mistake was to state that Smith was convicted of two "armed" bank robberies under 18 U.S.C. § 2113(d). (Doc. # 18, at 1, 5.) Smith was actually convicted of committing two *standard* bank robberies in violation of § 2113(a). (Doc. # 9-2, at 2–3.) The Recommendation is due to be modified to reflect the true nature of his convictions. The second mistake was to rely on *In re Hines*, 824 F.3d 1334 (11th Cir. 2016) (per curiam). In *Hines*, the Eleventh Circuit

---

[1] A so-called "standard" bank robbery, which is defined in § 2113(a), may be committed either "by force and violence" or "by intimidation." It is a lesser-included offense of *armed* bank robbery, which is defined in § 2113(d) and requires the use of a dangerous weapon. *See United States v. McNeal*, 818 F.3d 141, 148 (4th Cir. 2016).

2

held that armed bank robbery is categorically a crime of violence under the § 924(c)(3)(A) use-of-force clause. *Id.* at 1337. But because Smith was not convicted of armed bank robbery, *Hines* does not control here.

Despite those errors, the Recommendation still reached the right result. That is because after the Eleventh Circuit decided *Hines*, it decided *In re Sams*, 830 F.3d 1234 (11th Cir. 2016) (per curiam). *Sams* held that a conviction for standard bank robbery under § 2113(a) "falls within the scope of the § 924(c)(3)(A) use-of-force clause." *Id.* at 1239. *Sams* controls here.

Because the predicate offenses for Smith's § 924(c)(1)(A)(ii) convictions are crimes of violence under the use-of-force clause, there is no need to consider whether the residual clause is unconstitutionally vague. *See United States v. St. Hubert*, 883 F.3d 1319, 1328 (11th Cir. 2018); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) (per curiam).

Thus, after *de novo* review of the record and the Recommendation, it is ORDERED that:

1. The Recommendation of the Magistrate Judge (Doc. # 18) is ADOPTED AS MODIFIED above;

2. The objections to the Recommendation (Doc. # 23) are OVERRULED;

3. The motion under 28 U.S.C. § 2255 (Doc. # 1) is DENIED; and

4. This case is DISMISSED WITH PREJUDICE.

A separate Final Judgment will be entered.

DONE this 28th day of September, 2018.

                                                /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE